**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CURTIS WATSON,

                    Petitioner,

v.                                      CIVIL ACTION NO.  2:24-cv-00117
                                      (Criminal No. 2:18-cr-00279-1)

UNITED STATES OF AMERICA,

                    Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's March 12, 2024 *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody* (Document 270), brought on the grounds that his counsel was ineffective in failing to challenge the constructive amendment of Count II, that his counsel was ineffective in failing to challenge a fatal variance and introduction of impermissible evidence as to Count I, and that his counsel failed to object to Guideline calculation errors.

By *Standing Order* (Document 272) entered on March 13, 2024, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On September 3, 2024, following Magistrate Judge Eifert's retirement, the matter was referred to the Honorable Joseph Keith Reeder, United States Magistrate Judge.  On January 22, 2026, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 305) wherein

1

it is recommended that this Court deny the Petitioner's § 2255 motion.  Objections to the Magistrate Judge's *Proposed Findings and Recommendation* were due by March 12, 2026, following a motion to extend.  The Petitioner filed the *Movant's Response to Magistrate's Objections and Recommendations* (Document 308) on March 13, 2026 (postmarked March 9, 2026), the *Supplemental Objection Regarding Constructive Amendment of Count Two* (Document 309) on March 30, 2026, and a *Motion for Leave to Supplement Objections to Proposed Findings and Recommendation* (Document 310) and attached *Supplement to Objections to PF&R (Ground Three)* (Document 310-1) on May 4, 2026.  The Court finds the motion to supplement should be granted and will review the supplements to Mr. Watson's objections.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail.  The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

Following a jury trial, Mr. Watson was convicted of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count One), using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two), and tampering with a witness, in violation of 18 U.S.C. § 1512(b)(1) (Count Three).  On March 10, 2021, the Court imposed a sentence of 295 months of imprisonment, representing 235 months as to Counts One and Three, and a consecutive 60-month sentence as to Count Two.  He filed a direct appeal challenging his conviction and sentence, and the Fourth Circuit affirmed.

The United States presented evidence during trial that Mr. Watson, known as "Low," supplied heroin to multiple individuals who distributed it at his direction.  He repeatedly delivered

2

heroin to the residence of co-Defendant Valerie Ramey, and her residence served as a distribution location, both for customers and for others who stayed there at Mr. Watson's direction to sell drugs. There was testimony that Mr. Watson personally possessed firearms while distributing heroin. A witness testified that Mr. Watson drove him to a residence to sell heroin, provided him with the drugs and set prices, and provided him with a firearm.

Mr. Watson's defense was mistaken identification. Witnesses and co-conspirators knew the drug supplier as "Low," and he contended that he was not "Low" and was not involved in a drug distribution conspiracy.

Mr. Watson was first represented by CJA panel attorney Michael D. Payne. Following an aborted plea hearing on August 8, 2019, a motion to withdraw as counsel, and a hearing on the motion to withdraw on August 12, 2019, the Court permitted Mr. Payne to withdraw as counsel. Attorney John Carr began representing Mr. Watson on August 21, 2019. The United States filed a superseding indictment on September 18, 2019, which added the third count – alleging that Mr. Watson had engaged in witness tampering while at the Robert C. Byrd Federal Courthouse for the hearing on August 12, 2019. Mr. Watson's trial was held January 27, 2020 through January 30, 2020. The Court granted Mr. Carr's motion to withdraw as counsel on June 15, 2020, and CJA panel attorney Louie Thompson Price was appointed to represent Mr. Watson for the remaining proceedings, although Mr. Watson became dissatisfied with Mr. Price's representation and unsuccessfully sought new counsel prior to sentencing. The Fourth Circuit appointed new counsel to represent him on appeal.

Mr. Watson seeks to overturn his conviction and sentence based on allegations that his attorneys were ineffective. He asserts that his attorney failed to adequately object to the

introduction of evidence of conduct outside the period of the conspiracy charged in the superseding indictment as to Count One.  In addition, he contends his counsel was ineffective for failing to object to instructions related to the necessary drug quantity.  He also contends that his trial counsel failed to object to the constructive amendment of Count Two, arguing that evidence introduced by the Government, combined with the jury instructions, allowed the jury to convict for possession of a firearm in furtherance of a drug trafficking crime rather than the charged offense of use and carry a firearm during and in relation to a drug trafficking crime.  He further asserts that his sentencing counsel provided ineffective assistance by failing to adequately challenge Guideline enhancements and failing to object to the Court's consideration of improper factors during sentencing.

The Petitioner's trial and sentencing attorneys submitted affidavits responding to his allegations, and the United States filed a response in opposition to his request for relief.  Judge Reeder recommended that relief be denied, and the Petitioner filed timely objections.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing

4

portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The PF&R carefully and thoroughly outlines the legal standards applicable to claims of ineffective assistance of counsel, constructive amendment, and variance. Magistrate Judge Reeder found that the Petitioner failed to establish ineffective assistance of counsel regarding the failure to object to the alleged constructive amendment of Count Two. Judge Reeder noted that the Petitioner did not "identify any specific jury instruction or portion of the trial proceedings that allegedly broadened the bases for conviction beyond those charged in the Superseding Indictment." (PF&R at 13.) Trial counsel submitted an affidavit stating that he did not believe an objection would have been meritorious. As to the alleged variance regarding the conspiracy dates as to Count One, Judge Reeder found that "the record directly refutes Movant's claim," based on sustained objections to "testimony concerning conduct occurring outside the charged conspiracy period." (*Id*. at 15.) For similar reasons, Judge Reeder found that the record did not support Mr. Watson's assertion that his counsel was ineffective in allowing evidence or testimony regarding conduct outside the conspiracy period. With regard to the fourth ground for relief, Judge Reeder found that the jury was properly instructed regarding the Government's burden to prove the charged drug quantity of 100 grams or more of heroin. Judge Reeder also found no indication of prejudice as to any of the asserted grounds for relief.

Mr. Watson objects to the finding that Count Two was not constructively amended. He argues that he was charged with using and carrying a firearm during a drug trafficking offense, but

5

the United States' theory of the case was based instead on a possession theory.  He contends that the jury instructions likewise broadened the basis of conviction by indicating that a conviction could be based on the Defendant's possession and control of the firearm, and the United States' closing argument referred to possession of the firearm as to Count Two.  The PSR and the final Judgment Order likewise used the "possession in furtherance" language rather than the charged "use or carry" language.  Although his counsel argued that there was insufficient evidence to support the charge of using or carrying a firearm during and in relation to a drug trafficking crime, he contends that failing to object to the constructive amendment constituted ineffective assistance of counsel.

Mr. Watson objects to the finding that there was no fatal variance or ineffective assistance as to Count One regarding the introduction of evidence of conduct outside the conspiracy period. He points to evidence regarding 2015 heroin purchases, 2016 heroin trafficking, multi-year relationships, and a co-defendant plea stipulation that covered broader conduct.  He takes particular issue with the co-defendant plea agreement having been sent back to the jury room with the other evidence during deliberations.

Mr. Watson also contends that he is entitled to relief as to his sentencing error claim.  He objects to the finding that his counsel was not ineffective in failing to strenuously object to the inclusion of relevant conduct outside the conspiracy time frame alleged in the indictment for purposes of determining drug quantity to calculate his Guideline range.  He also argues that the Magistrate Judge incorrectly concluded that he was not entitled to relief regarding the claim that the jury instructions were erroneous with respect to the required drug quantity for Count One.  He contends that an instruction that a mixture or substance containing heroin is a Schedule I controlled

substance expanded liability and allowed the jury to find the required 100 grams of heroin based on mixtures. He also challenges the use of converted drug weight and consideration of drug mixtures within the PSR.

### A. Count One - Variance

The Court finds Mr. Watson's objections as to Count One unavailing. The superseding indictment charged Mr. Watson with conspiring to distribute 100 grams or more of heroin "from on or about May 30, 2017, to on or about November 17, 2017, at or near Hernshaw, Kanawha County, West Virginia and elsewhere." (Superseding Indictment, Document 84.) As Judge Reeder more thoroughly explained, broadening the bases for conviction beyond those charged, by changing the elements of the offense charged, constitutes a variance. *United States v. Cannady*, 924 F.3d 94, 99 (4th Cir. 2019). However, "variances between an indictment and the proof offered at trial are 'fatal'…only if…the variance infringed [the Defendant's] substantial rights and thereby resulted in actual prejudice." *Id.* (quoting in part from *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994)).

The jury heard abundant evidence of a conspiracy to distribute 100 grams or more of heroin during the charged period. One witness testified to making at least two trips to Herndon, West Virginia, in October and November 2017, and selling 200 to 250 grams of heroin, supplied by Mr. Watson and at his direction, during each trip. Mr. Watson's trial counsel objected to testimony regarding conduct outside the charged conspiracy period, and the objection was sustained. Evidence that witnesses, who knew Mr. Watson through a mutual interest in controlled substances, met him outside the conspiracy period may imply that he was involved in drug trafficking outside that time period but is not objectionable and does not broaden the basis of the charge. Thus, the

7

Court finds Judge Reeder correctly found no fatal variance, no deficient performance by counsel, and no prejudice with respect to Grounds Two and Three. These objections should be overruled.

### B. Count One – Drug Quantity

Mr. Watson's objections to instructions related to drug quantity are equally unavailing. The jury instruction accurately stated the applicable legal standards, including that the jury was required to find that 100 grams or more of heroin was the subject of the conspiracy charged in Count One. Furthermore, for sentencing purposes, drug quantities may include transactions that were not the subject of the offense of conviction as relevant conduct under many circumstances. USSG Section 1B1.3. As Judge Reeder found, Mr. Watson's counsel had no meritorious basis to object and, therefore, there is no evidence of deficient performance related to the drug quantity. The objection as to Ground Four should be overruled.

### C. Count Two – Constructive Amendment

Count Two of the Superseding Indictment charged that Mr. Watson "did knowingly and intentionally use and carry a firearm…during and in relation to a drug trafficking crime." (Superseding Indictment at 2.) The Court instructed the jury as to the elements, including the definitions of "use" and "carry" for purposes of 18 U.S.C. § 924(c)(1) and standards from case law interpreting the provision. Here the underlying offense was a conspiracy drug offense, rather than an isolated distribution. Particularly when read in context of the full jury instructions as to Count Two, the contested instruction, stating that it was not necessary to find that the defendant possessed a gun at the exact time of a drug exchange, was not legally incorrect and did not broaden the basis upon which to convict. In short, the jury was properly instructed as to Count Two, and there can be no ineffective assistance of counsel for failing to make frivolous objections. The United States' closing argument also properly focused on the charged offense. Argument referencing evidence

of who physically possessed the firearm at different times does not constitute a constructive amendment of the charge.  Thus, there was no meritorious grounds for an objection to the United States' closing argument, and Judge Reeder correctly found no basis for the ineffective assistance of counsel claim regarding the conviction for Count Two.

Following conviction, the Probation Office prepared a Presentence Investigation Report (PSR).  The title page of the PSR erroneously describes Count 2 as "Possession of Firearms in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)."  The charge is accurately described elsewhere in the PSR, and it contains an accurate summary of the evidence. The Court used the erroneous offense title during the sentencing hearing and in the *Judgment Order* (Document 228), although the facts of the offense meeting the appropriate legal standard for conviction of the "use and carry" prong of § 924(c)(1)(A) were recounted correctly during sentencing.  The statutory citation and sentencing ranges are the same for both prongs of §924(c)(1)(A) and were recounted consistently throughout proceedings.  That error, and sentencing counsel's failure to object to it, arose only after conviction and did not impact Mr. Watson's sentence in any way.  It had no impact on the Guideline range, the analysis of the sentencing factors, or any substantive right, and caused no prejudice.  Therefore, the Court finds it appropriate to correct the clerical error in the judgment order pursuant to Rule 36 of the Federal Rules of Criminal Procedure but finds that Mr. Watson has failed to demonstrate that he is entitled to any other relief as to Count Two, and his objections should be overruled.[1]

---

[1] Mr. Watson filed a *Motion to Correct Clerical Error in the Record and Judgment Pursuant Fed. R. Crim P. 36* (Document 311) in his criminal case related to this issue, which the Court will grant in a separate order.

### D. Pretrial Motions

Mr. Watson contends that his attorney's failure to file pretrial motions is evidence of ineffective assistance of counsel.  He suggests that his attorney should have filed pretrial motions to address: "the scope of the charged conspiracy, evidence outside the charged indictment period, the government's drug quantity theory, the need for limiting instructions, and the theory charged in Count Two under 18 U.S.C. § 924(c))."  (Supp. Mot. at 1) (Document 315.)  It is well within the latitude of trial counsel to choose to simply make objections at trial if the United States seeks to introduce evidence, theories, or arguments that can reasonably be challenged, rather than bringing general pretrial motions.  *See, e.g.*, *Cox v. Weber*, 102 F.4th 663, 672 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1131 (2025) (courts defer to strategic choices and professional judgments of counsel).  As described by Judge Reeder in the PFR, trial counsel did raise objections during trial related to several of the matters Mr. Watson believes should have been raised in pretrial motions.  Because objections could be, and were, raised at trial, Mr. Watson cannot show prejudice resulting from any error in the failure to bring pretrial motions.  Therefore, although the Court will grant the motion to supplement the record, the objections must be overruled.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Movant's *Supplemental Objection Regarding Constructive Amendment of Count Two* (Document 309), *Motion for Leave to Supplement Objections to Proposed Findings and Recommendation* (Document 310) and attached *Supplement to Objections to PF&R (Ground Three)* (Document 310-1), and *Motion for Leave to Supplement the Record with Exhibit and Clarify Requested Relief in Support of Pending 28 U.S.C. § 2255 Motion* (Document 315) be **GRANTED** to the extent they seek to supplement the Movant's objections.  The Court further **ORDERS** that the *Movant's*

*Response to Magistrate's Objections and Recommendations* (Document 308), as supplemented, be **OVERRULED**, that the *Proposed Findings and Recommendation* (Document 305) be **ADOPTED** and incorporated herein, and that the Movant's *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody* (Document 270) be **DENIED**.

The Court **ORDERS** that this civil action be **DISMISSED, with prejudice**, and **REMOVED** from the docket. Any pending motions are hereby **TERMINATED** as moot.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Reeder, to counsel of record, and to any unrepresented party.

ENTER:   July 7, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11